UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUSTINE BERMAN AND KATHRYN O'DONNELL,<br><br>                              Plaintiffs,<br><br>    - against -<br><br>VINEYARD VINES, LLC.,<br><br>                              Defendant. | Docket No. 18-cv-07348<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Justine Berman ("Berman") and Kathryn O'Donnell ("O'Donnell")(collectively "Plaintiffs") by and through his undersigned counsel, as and for their Complaint against Defendant Vineyard Vines LLC. ("Vineyard Vines" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for (a) copyright infringement under Section 501 of the Copyright Act; and (b) violation of right of publicity under Mass. Gen. Laws Ann. ch. 214, § 3A arising out of the unauthorized publication of a photograph, owned by Berman, of O'Donnell's infant child wearing Vineyard Vines brand clothing (the Photograph), without the authorization of either Berman or O'Donnell.

## JURISDICTION AND VENUE

2.      This first claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The third claim for violation of the right of publicity arises out of substantially the same facts, and this Court has subject matter jurisdiction over the second claim pursuant to 28 U.S. Code § 1367.

3.     This Court has personal jurisdiction over Defendant because Defendant does substantial business in this judicial district, including operating multiple retail shops, and directs the commercial activity that is the subject of this action toward consumers within this judicial district.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Berman in a Massachusetts-based professional photographer, residing at 183 Salem Street Unit 1002, Reading, Massachusetts 01867.

6.     O'Donnell is Massachusetts resident, residing at 281 Bear Hill Road, North Handover, Mass. 01845.

7.     Upon information and belief, Vineyard Vines is a foreign business corporation duly organized and existing under the laws of Connecticut, with places of business in this judicial district at 1151 3rd Ave, New York, NY 10065 and Grand Central Terminal, 89 E 42nd St, New York, NY 10017. At all times material, hereto, Vineyard Vines has owned and operated a commercial interactive retail website at the URL: https://www.vineyardvines.com/ (the "Website").

8.     Upon information and belief the Website directs substantial advertising and engages in numerous direct commercial transactions with customers in this judicial district.

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photographs**

9.     Berman was contracted by O'Donnell to take family photographs, including the Photograph, and Berman retained all rights in the Photograph.

10. The Photograph features O'Donnell's infant son sitting on a beach wearing a Vineyard Vines brand clothing outfit.  See Exhibit A.

11. Berman is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

12. The Photograph was first published on July 8, 2018 on Berman's Instagram and registered with the United States Copyright Office and was given registration number VA 2-113-082, effective July 24, 2018.  See Exhibit B.

### B. Defendant's Infringing Activities

13. Shortly after the publication of the Photograph on Berman's Instagram, an agent of Vineyard Vines requested permission to share the photo in their online fan photo gallery.  Vineyard vines did not ask nor receive permission to use the Photograph on the Website or in any commercial setting or advertising.

14. Vineyard Vines published the Photograph on the Website as a banner for its direct advertising marketing its baby boy and baby girl clothing at the URLs: https://www.vineyardvines.com/baby-girl-0-24m/ and https://www.vineyardvines.com/baby-boy-0-24m/.  See Exhibit C.

15. Vineyard Vines did not license the Photograph or receive permission from Plaintiffs for its Website or any other advertising use of Berman's copyrighted Photograph and the image of O'Donnel's infant son.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

16. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-15 above.

17.     Vineyard Vines infringed Berman's copyright in the Photographs by reproducing and publicly displaying the Photograph for commercial exploitation on the Website. Vineyard Vines is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs in a retail or commercial setting.

18.     The acts of Defendant complained of herein constitute infringement of Berman's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

19.     Upon information and belief, the foregoing acts of infringement by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to Berman's rights.

20.     As a direct and proximate cause of the infringement by the Defendant of Berman's copyright and exclusive rights under copyright, Berman is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

21.     Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

22.     Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF RIGHT OF PUBLICITY**
**(Mass. Gen. Laws Ann. ch. 214, § 3A)**

23.     Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-22 above

24. Vineyard Vines violated O'Donnell's Right Of Publicity in the Photographs by publicly displaying the Photograph of her infant son for commercial exploitation on the Website without consent.

25. Vineyard Vines is not, and has never been, licensed or otherwise authorized by O'Donnell to use the Photograph or any image of her infant son for advertising or in any retail or commercial setting.

26. Upon information and belief, the foregoing acts of violating O'Donnell's Right Of Publicity by Defendant have been willful, intentional, and purposeful, in disregard of and indifference to O'Donnell's rights.

27. As a direct and proximate cause of the violation by the Defendant of O'Donnell's Right Of Publicity, O'Donnell is entitled to damages and/or Defendant's profits.

28. Due to the willful nature of the violation by the Defendant of O'Donnell's Right Of Publicity, O'Donnell is entitled to trebling of the damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Vineyard Vines be adjudged to have infringed upon Berman's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. That Berman be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That, with regard to the Second Claim for Relief, O'Donnell be awarded O'Donnell's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's violation of O'Donnell's Right Of Publicity.

4. That, with regard to the Second Claim for Relief, O'Donnell be awarded trebling of any damages or profits awarded under Paragraph 3 herein.

5. That Plaintiffs be awarded their costs, expenses and attorneys' fees.

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
       August 14, 2018

                                                LIEBOWITZ LAW FIRM, PLLC

By:   /s/Joseph A. Dunne
      Joseph A. Dunne

      /s/Richard P. Liebowitz
      Richard P. Liebowitz

      11 Sunrise Plaza, Suite 305
      Valley Stream, New York 11580
      Tel: (516) 233-1660
      JD@LiebowitzLawFirm.com
      RL@LiebowitzLawFirm.com

      *Attorneys for Plaintiffs*